

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2:25-CV-846-KCD-DNF

Joseph Hunt

Plaintiff,

v.

Angel Herrera; Deputy Richard Perkowski; Judge Deborah Cottingham;

Clerk Crystal K. Kinzel; Deputy Clerk Ellen Gilbert;

Assistant State Attorney Sabsina Karimi; Assistant State Attorney Kaitlyn A. Klein;

State Attorney Amira D. Fox; Collier County Sheriff's Office;

Office of the State Attorney, 20th Judicial Circuit; Collier County Clerk of Courts Office;

Office of the County Attorney; and Doe Defendants 1–10,

Defendants.

Case No.: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a civil rights action brought under 42 U.S.C. §1983 for violations of the First, Second, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff Joseph Hunt was subjected to an unlawful arrest, fraudulent docketing, retroactive orders, firearm deprivation, reputational harm, and exclusion from his home.

### JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in the Middle District of Florida, Fort Myers Division, because the events giving rise to this Complaint occurred in Collier County, Florida.

### PARTIES

Plaintiff Joseph Hunt lives in Collier County, Florida. He is a retired firefighter from the Fire Department of New York (FDNY), decorated for service, now bringing this action Sui Juris. Defendants are individuals and offices acting under color of state law or in concert with state officials to deprive Plaintiff of his rights.

### FACTUAL BACKGROUND

1. Angel Herrera initiated the accusation against Plaintiff on October 12, 2024. Through harassment and knowingly false statements, Herrera set in motion a process that later drew in law enforcement, prosecutors, and court officials.

2. Despite Herrera's allegation, no warrant, capias, or judicial finding of probable cause was issued. The matter lay dormant for nearly six months.

3. On April 10, 2025, Plaintiff was arrested at his home by Deputy Richard Perkowski. At the time, no lawful warrant or capias existed. Records were later retroactively altered and a warrant backdated.

4. Judge Deborah Cottingham permitted retroactive docketing and fraudulent orders, including: (a) an Order to Relinquish Firearms falsely dated December 11, 2024; (b) improper docket notations including a false Jessica Lunsford Act classification, a false MHU tag, and improper enhancements; (c) an unlawful enhancement requiring Plaintiff to remain confined until a third party surrendered his weapons; (d) the improper redaction of Angel Herrera's name from Plaintiff's First Appearance, despite no legal bas... (e) falsification of Plaintiff's First Appearance record, which was backdated to April 5, 2025. Plaintiff's own copy bore no signature, while the court's copy contained a signature that does not appear to be his, dated April 5, 2025 — five days before his actual arrest.

5. Clerk Crystal K. Kinzel oversaw or permitted tampering and concealment that corrupted the record.

6. Deputy Clerk Ellen Gilbert processed docket entries and issued the capias without lawful basis.

7. ASA Sabsina Karimi authored or caused to be authored the capias, backdated paperwork, and handwritten alterations. Karimi further oversaw a memorandum dated April 7, 2025, suggesting fabricated pre-arrest preparation.

8. ASA Kaitlyn A. Klein pursued charges despite altered affidavits, misdated records, and fraudulent filings.

9. State Attorney Amira D. Fox ratified the conduct of Karimi and Klein, allowing her office to advance charges rooted in fraud.

10. The Collier County Sheriff's Office; Office of the State Attorney, 20th Judicial Circuit; Collier County Clerk of Courts Office; and Office of the County Attorney are institutional actors that participated in, ratified, or failed to correct the unlawful conduct described herein.

11. Collectively, Defendants deprived Plaintiff of liberty, his home, firearms, and reputation, while fabricating the appearance of lawful process.

**COUNT I – Unlawful Seizure, False Arrest, and Imprisonment Without Warrant or Probable Cause** (42 U.S.C. §1983 – Fourth, Eighth, Fourteenth Amendments)
Plaintiff was unlawfully arrested on April 10, 2025, months after the allegation, without a valid warrant. He was seized and jailed without lawful process.

**COUNT II – Fraudulent Docketing, Unlawful Redactions, and Defamatory Docket Entries** (42 U.S.C. §1983 – Fourth, Eighth, Fourteenth Amendments)
Defendants fraudulently altered docket entries, adding false notations and redactions that deprived Plaintiff of liberty, reputation, and due process.

**COUNT III – Tampering with Court Records, Redactions, Breaks in Pagination, and Docket Manipulation** (42 U.S.C. §1983 – Fourth, Eighth, Fourteenth Amendments)
Exhibits show systemic tampering, concealment, backdating, redaction, duplication, and broken docket sequence, obstructing justice.

**COUNT IV – Unlawful Firearm Relinquishment, Retroactive Backdating, and Deprivation of Constitutional Rights** (42 U.S.C. §1983 – Second, Fourth, Fourteenth Amendments)

An "Order to Relinquish Firearms" fraudulently dated December 11, 2024 was filed April 14, 2025, suspending Plaintiff's firearm license and violating constitutional rights.

**COUNT V – Deprivation of Freedom, Home, Firearms, and Reputation as Consequence of Fraudulent Process** (42 U.S.C. §1983 – First, Fourth, Eighth, Fourteenth Amendments)

Defendants engineered fraudulent process excluding Plaintiff from his home, coercing firearm relinquishment, prolonging detention, and inflicting reputational harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joseph Hunt respectfully requests that this Court: (1) Enter judgment declaring Defendants' conduct unconstitutional under the First, Second, Fourth, Eighth, and Fourteenth Amendments; (2) Award Plaintiff compensatory damages for unlawful seizure, imprisonment, firearm deprivation, eviction, and reputational harm; (3) Award punitive damages against all Defendants to deter future misconduct; (4) Award damages in excess of $100,000,000, or such amount as a jury may determine to be just...

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

/s/ Joseph Hunt       9/22/2025
Joseph Hunt, Sui Juris
FDNY Retired
UCC 1-308 "Without Prejudice"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Joseph Hunt                                                          Case No.: _____

Plaintiff,

v.

Angel Herrera; Deputy Richard Perkowski; Judge Deborah Cottingham;

Clerk Crystal K. Kinzel; Deputy Clerk Ellen Gilbert;

Assistant State Attorney Sabsina Karimi; Assistant State Attorney Kaitlyn A. Klein;

State Attorney Amira D. Fox; Collier County Sheriff's Office;

Office of the State Attorney, 20th Judicial Circuit; Collier County Clerk of Courts Office;

Office of the County Attorney; and Doe Defendants 1–10,

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF COMPLAINT

### INTRODUCTION

Plaintiff Joseph Hunt submits this Memorandum of Law in support of his Complaint under 42 U.S.C. §1983 for violations of his inalienable and constitutional rights. The unlawful arrest, fraudulent docketing, backdating of court documents, deprivation of firearms, and improper redactions alleged in the Complaint constitute violations of the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments. These constitutional guarantees are fundamental and cannot be abridged under color of law.

### STANDARD OF REVIEW FOR PRO SE LITIGANTS

Plaintiff appears pro se and is entitled to liberal construction of his pleadings. The Supreme Court has consistently held that allegations in pro se complaints are "to be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519 (1972). In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Court reaffirmed that pro se filings must be liberally construed and courts must look to substance rather than technical form. Likewise, in *Erickson v. Pardus*, 551 U.S. 89 (2007), the Court emphasized that federal courts cannot dismiss pro se pleadings merely for lack of legal phrasing if the facts state a claim. See also *Boag v. MacDougall*, 454 U.S. 364 (1982).

Accordingly, Plaintiff's Complaint must be read broadly, with facts taken as true and with an eye toward substance over procedure. Plaintiff invokes this liberal standard to ensure that constitutional violations alleged are judged on their merits and not barred by technical procedural formality.

### LEGAL STANDARD

42 U.S.C. §1983 provides a civil remedy against any person who, under color of state law, deprives a citizen of rights secured by the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Bill of Rights protects liberties that government cannot abrogate, including life, liberty, property, and security. Fraud upon the court nullifies judicial actions. *Hazel-Atlas Glass Co. v. Hartford-Empire*

*Co.*, 322 U.S. 238 (1944); *Throckmorton*, 98 U.S. 61 (1878).

## ARGUMENT

**I. Fourth Amendment – Freedom from Unlawful Seizure.** The Fourth Amendment protects against unreasonable seizures. Arrest without warrant or probable cause violates this guarantee. *Beck v. Ohio*, 379 U.S. 89 (1964). Plaintiff was arrested April 10, 2025 without a valid warrant. The backdating of paperwork to justify confinement is unconstitutional.

**II. Fifth & Fourteenth Amendments – Due Process.** Retroactive docket entries, redactions, and the falsification of Plaintiff's signature date (April 5, 2025) deprived him of due process. Fair notice and hearing are required. *Loudermill*, 470 U.S. 532 (1985). Fraudulent records cannot constitute process.

**III. Second Amendment – Right to Keep and Bear Arms.** The forced relinquishment of firearms based on an order backdated to December 11, 2024 violated Plaintiff's rights under *Heller*, 554 U.S. 570 (2008), and *McDonald*, 561 U.S. 742 (2010).

**IV. First Amendment – Retaliation & Reputational Harm.** Retaliatory prosecutions and false docket entries burden Plaintiff's First Amendment rights. *Hartman v. Moore*, 547 U.S. 250 (2006).

**V. Eighth Amendment – Excessive Conditions.** The unlawful enhancement requiring confinement until a third party surrendered weapons constitutes excessive punishment, violating the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976).

**VI. Institutional Liability – Monell.** Defendants include not only individuals but also offices (Sheriff's Office, State Attorney, Clerk of Courts, County Attorney). Liability attaches where policy, custom, or deliberate indifference permits constitutional violations. *Monell*, 436 U.S. 658.

## CONCLUSION

Plaintiff's rights under the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments were violated. Fraudulent docket manipulation, backdating, firearm deprivation, and unlawful confinement demand redress. Plaintiff respectfully requests that this Court: (1) recognize the constitutional violations; (2) allow the Complaint to proceed; and (3) grant such relief as requested in the Complaint, including damages, declaratory and injunctive relief, and costs.

Respectfully submitted,

/s/ Joseph Hunt
Joseph Hunt, Plaintiff
UCC 1-308 "Without Prejudice"

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

Joseph Hunt, Sui Juris,
Plaintiff,
v.
Officer Perkowski; Judge Deborah Cunningham; Clerk Crystal K. Kinzel; Deputy Clerk Ellen Gilbert;
Assistant State Attorney Sabsina Karimi; Assistant State Attorney Kaitlyn Klein;
State Attorney Amira D. Fox; and Doe Defendants 1–10,
Defendants.

Case No.: _____

## COUNT I – UNLAWFUL SEIZURE, FALSE ARREST, AND IMPRISONMENT WITHOUT WARRANT OR PROBABLE CAUSE 42 U.S.C. § 1983 – Fourth, Eighth, and Fourteenth Amendments

1. Plaintiff Joseph Hunt is a resident of Collier County, Florida, and at all times relevant was a private citizen with no pending valid warrant or judicial process against him.

2. Defendants include: Officer Perkowski (Collier County Sheriff's Office – arresting officer); Clerk Crystal K. Kinzel and Deputy Clerk Ellen Gilbert (docketing and issuance of Capias); Assistant State Attorney Sabsina Karimi and ASA Kaitlyn Klein (charging documents); State Attorney Amira D. Fox (supervisory authority); Judge Deborah Cunningham (presided over defective First Appearance); and Doe Defendants 1–10 (Clerk's Office staff and others who participated in or concealed retroactive docket alterations).

3. This action arises under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

4. Venue is proper in the U.S. District Court for the Middle District of Florida, Fort Myers Division, as all events occurred in Collier County.

5. On April 10, 2025 at approximately 12:15 PM, Plaintiff was arrested at his residence by Officer Perkowski of the Collier County Sheriff's Office.

6. At the time of arrest: no Capias had been cleared or filed; no probable cause affidavit was on record; and no judicial officer had reviewed or signed any warrant or order authorizing Plaintiff's seizure.

7. Plaintiff was taken into custody and booked into the Collier County Jail. Booking records show the paperwork was printed at 1:18 PM, after the arrest.

8. The Capias was not cleared until 3:27 PM on April 10, 2025, hours after the arrest, and was not filed until April 11, 2025 at 8:30 AM.

9. Dockets 1–11 show that all charging instruments, affidavits, and Capias filings were backfilled after Plaintiff's arrest, with handwritten case numbers, altered timestamps, missing attachments, and contradictory docket sequencing.

10. The First Appearance was not held until April 11 before Judge Cunningham, but the First Appearance Order was not filed until April 14, and included handwritten annotations ('MHU') and a false domestic violence designation.

11. These retroactive filings were designed to conceal the fact that Plaintiff was arrested and incarcerated without probable cause and without a lawfully issued warrant.

12. Defendants' actions violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure and arrest without probable cause or warrant.

13. Defendants' actions violated Plaintiff's Fourteenth Amendment due process rights by falsifying, altering, and backdating official court records to cover an unlawful arrest.

14. Defendants' actions violated Plaintiff's Eighth Amendment rights by imposing unlawful conditions of restraint and excessive bail, including false domestic violence classification, no-contact orders, and firearm relinquishment orders not supported by lawful charge.

15. As a direct result of Defendants' actions, Plaintiff was subjected to: false arrest and imprisonment; reputational injury and stigma from false 'domestic violence' classification; unlawful restrictions on liberty, firearm rights, and freedom of movement; and ongoing prejudice in criminal proceedings due to falsified docket and backfilled records.

16. Plaintiff incorporates the following exhibits: Docket 3 Irregularities (April 7–10, 2025); Docket 1 Irregularities (April 11, 2025); Docket 5 Irregularities (April 11, 2025); Docket 6 Irregularities (April 11, 2025); Docket 7–11 Irregularities (April 11, 2025); Docket 12 Irregularities and Addendum (April 11–14, 2025); Arrest and Incarceration Timeline (April 7–14, 2025); Timeline Chart (Graphical Evidence).

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for:

a. Declaratory relief finding that Plaintiff's arrest on April 10, 2025 was unlawful and void for lack of warrant or probable cause;

b. Injunctive relief prohibiting Defendants from further falsification, concealment, or backdating of judicial records;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages for knowing and intentional misconduct; and

e. Such further relief as this Court deems just and proper.

Respectfully submitted,

_____

Joseph Hunt, Sui Juris

P.O. Box 1127

Naples, FL 34106

Date: __9/22/_____, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

STATE OF FLORIDA

v.

Joseph Hunt

Case No.: 11-2025-MM-000500-AXXX-01

## AFFIDAVIT OF OUT-OF-SEQUENCE DOCKETING AND FILE DATE CONTRADICTIONS

I, Joseph Hunt, being duly sworn, depose and state as follows:

1. I am the Defendant in Case No. 11-2025-MM-000500-AXXX-01. I have personal knowledge of the facts stated herein.

2. On April 10, 2025, I was arrested and taken into custody in Collier County, Florida. At the time of my arrest, there was no open case number in the clerk's Showcase system for this matter.

3. According to the official docket records (attached as Exhibit A, page 1 of docket entries), the file date for Case No. 11-2025-MM-000500-AXXX-01 is April 11, 2025 — one day after my arrest.

4. Despite this, the docket reflects the following entries in an out-of-sequence manner: Docket 2 (effective 4/9/2025) – charge (Battery, F.S. 784.03); Docket 3 (effective 4/9/2025) – Capias Warrant; Docket 4 (effective 4/10/2025) – Arrest entry; Docket 1 (filed 4/11/2025) –

Misdemeanor "Capias 500" creation entry.

5. This sequence shows that Dockets 2 and 3 were assigned effective dates of April 9, 2025 — two days before my arrest — and two days before the case file was created on April 11, 2025.

6. Furthermore, Docket 1, which should have opened the case file, was not filed until April 11, 2025, yet it appears after later-numbered entries (2, 3, and 4). This creates a retroactive case structure that does not align with the real sequence of events.

7. The notarization of the Capias Warrant on April 9, 2025 (by Assistant Prosecutor Sabsina Karimi) further highlights the problem: the warrant was notarized before the case was created and before it had a valid docket entry.

8. The docket printout also reflects irregularities: the case status is "pending," the case type is blank, and the citation number is blank. These omissions further support that the case was not properly created in the system at the time of my arrest.

9. Based on these facts, the docket entries for Dockets 1–4 are out-of-sequence and were entered after the fact to create the appearance of procedural regularity. At the time of my arrest on April 10, 2025, there was no valid case file in existence.

_____
Joseph Hunt, Sui Juris

_____
Notary Public
My Commission Expires: 2-5-2029

Notary Public State of Florida
Arnulfo Santoyo
My Commission HH 637320
Expires 2/5/2029

AFFIDAVIT OF OUT-OF-SEQUENCE DOCKETING AND FILE DATE CONTRADICTIONS - JOSEPH HUNT